PER CURIAM:
Claimant, Carl M. Geupel Construction Company, Inc. entered into a contract with the respondent, West Virginia Department of Highways, designated as Project 1-79-1(14)21, for the construction of a section of 1-79 in Ro.ane County, West Virginia. Notice to proceed was given to the claimant on May 7, 1970, and the scheduled completion date was September 30, 1972. Claimant experienced several delays during construction when slides occurred on the project. The delays resulted in an actual completion date for the project in October, 1974. This two-year delay resulted in alleged damages to claimant in the amount of $577,068.35, for which this claim was filed.
The first major delay occurred during the summer of 1970 when a partially completed embankment section suddenly slid as a result of a foundation failure. Several months elapsed before respondent instructed claimant as to required correction work which could not be done in the winter months. Further foundation failures occurred throughout the construction of the embankment which was not completed until March, 1972.
The respondent was required to redesign the foundation undercut in another area of the project resulting in further delay to claimant.
The longest delay on the project occurred when the project supervisor for the respondent ordered claimant to cease work in an area where *27 bedrock was not encountered at the elevation shown on the plans. Various circumstances delayed the preparation of the revised drawings by the respondent. Once the change order for the work was prepared, an additional delay was experienced because the respondent had not acquired the right-of-way needed for the revisions. As a result of these delays, the corrective work could not begin until January of 1973.
The claimant and respondent stipulated that there were numerous slides which had an impact on the time required for the construction of the project. Also the original plans on which claimant based its bid were inadequate as to design. The major reason for the inadequate design was the inadequate and erroneous sub-surface investigation of the foundations upon which the design was based. The parties also stipulated that claimant and its subcontractors incurred increased costs in the form of labor, materials, equipment, and overhead as follows:
CARL M. GEUPEL CONSTRUCTION
Labor:
Foreman $ 3, 675.41
Superintendent and Time Keeper 8, 713.32
Direct Labor & Fringe Benefits 126, 992.33
Total Labor $139, 381.06
Material & Supply:
Mix Cement $ 1, 228.94
Field Office and Utilities 10, 994.21
DOH Field Office 5, 961.17
Total Material & Supply $ 18, 184.34
Total Increase-Prime Contractor
$157, 565.38
B&O Tax 2.2% 3, 466.44
PRIME CONTRACTORS SUBTOTAL $ 161, 031.82
HIGHWAY PAVING-SUBCONTRACTOR
Direct Labor Cost CO $ 22, 377.22
Tax and Insurance 2, 613.66
Benefits CO 2, 089.68
B & 0 Tax 2.2% 595.68
[CM Ko 1cm
GRC CONSTRUCTION COMPANY
Payroll Increases $ 5, 005.05
Material Increase 4, 538.06
BLACK ROCK CONTRACTING
Labor Cost Increase $ 22, 294.81
*28 Total Increase Subcontractors $ 59,514.16
Prime Contractor B & 0 Tax 2.2% 1,309.31
TOTAL SUBCONTRACTOR $ 60,823.47
TOTAL PRIME CONTRACTOR $161,031.82
TOTAL JOB INCREASE $221,855.29
The Court, having considered the facts and damages, as stipulated, is of the opinion to make an award to the claimant in the amount of $221,855.29.
Award of $221,855.29.